No. 98-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 290N

IN RE THE MARRIAGE OF

NORMA L. SCRANTON,

Petitioner and Respondent,

and

DENNIS E. SCRANTON,

Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Broadwater,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dennis E. Scranton, *Pro Se*, Miles City, Montana

For Respondent:

J. Dennis Corbin, Corbin Law Office, Miles City, Montana

Submitted on Briefs: November 19, 1998

Decided: December 1, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. Dennis E. Scranton (Dennis), appearing *pro se*, appeals from the order of the First Judicial District Court, Broadwater County, granting the motion for change of venue filed by Norma L. Scranton (Norma) and transferring jurisdiction from Broadwater County to Custer County. We affirm.

¶3. The sole issue on appeal is whether the District Court erred in failing to rule on Dennis' Motion for Hearing, thereby effectively denying the Motion.

¶4. Dennis and Norma married in 1968. In 1987, when both parties resided in Townsend, Broadwater County, Montana, Norma petitioned for dissolution of the marriage. Dennis did not respond to the petition, but the parties subsequently entered into a Child Custody and Property Settlement Agreement (Agreement). The District Court held a hearing and entered Dennis' default. At the hearing, Norma expressed a desire for a decree of legal separation, rather than proceeding with her petition for dissolution of the marriage. The District Court subsequently entered Findings of Fact, Conclusions of Law and Decree of Legal Separation which incorporated the parties' Agreement.

¶5. On November 26, 1997, Norma filed a Motion for Change of Venue to Custer County in which she asserted that both she and Dennis currently were residents of Miles City, Custer County, Montana. Dennis did not file a brief in opposition to Norma's motion. Instead, on December 10, 1997, he filed a Motion for Hearing which referenced a number of matters relating to the 1988 proceeding and asserted that

"their [sic] is a possibility Federal Law has been violated." Dennis' motion also stated that "Respondent is making plans to again become a resident of Broadwater County, and travel to Custer County would be a hardship." No brief in support of the motion was filed and Dennis did not submit any supporting affidavits.

¶6. After the time had run for Dennis to respond to Norma's motion and/or support his own motion, the District Court entered its order granting Norma's motion for change of venue to Custer County pursuant to § 25-2-201(3), MCA, which mandates a change of venue when the convenience of witnesses and the ends of justice would be promoted by the change. According to the court, "it would be foolish for two residents of Miles City to travel to Townsend to adjust their grievances." Dennis appeals.

¶7. Did the District Court err in failing to rule on Dennis' Motion for Hearing, thereby effectively denying the Motion?

¶8. Dennis contends that he was entitled to a hearing on Norma's change of venue motion and that the District Court's failure to grant his Motion for Hearing constitutes error. We disagree.

¶9. First, the record is clear that Dennis did not file a brief in opposition to Norma's motion for change of venue within the 10 days required by Rule 2(a), Unif.D.Ct.R. Indeed, he did not file a brief opposing the motion at all. Under Rule 2(b), failure to file a timely answer brief is deemed an admission that the motion is well taken; therefore, Norma's motion was deemed submitted pursuant to Rule 2(d) when Dennis' time for responding had expired. Thus, the District Court clearly acted within its authority in granting Norma's motion without a hearing.

¶10. Moreover, Dennis also did not properly support his Motion for Hearing, as required by Rule 2(a), Unif.D.Ct.R. As a result, his motion was subject to summary ruling under Rule 2(b). For that reason, the District Court was authorized to deny Dennis' motion without further notice or proceedings.

¶11. Furthermore, even assuming *arguendo* that the statement in Dennis' Motion for Hearing--to the effect that he was making plans to "again become a resident of Broadwater County" at some unspecified time--properly could be construed as a

response in affidavit form to Norma's motion for change of venue, the statement effectively admitted--as did his Miles City address on his court filings--that he, like Norma, was a resident of Custer County. Thus, the District Court's grant of the change of venue to Custer County for the convenience of witnesses and in the interests of justice was supported by both parties' record statements.

¶12. Finally, as in the District Court, Dennis cites to no authority in this Court under which he was entitled to a hearing on Norma's motion in this case. Rule 23, M.R.App. P., requires citations to authority and when that requirement is not met, we properly decline to address the matter further.

¶13. We hold that the District Court did not err in failing to rule on Dennis' Motion for Hearing, thereby effectively denying the Motion.

¶14. Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER